■ In the Matter of PITTSFORD GRAVEL CORPORATION, Respondent, v. ZONING BOARD OF THE TOWN OF PERINTON et al., Appellants.— Judgment unanimously reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the following memorandum: On July 12, 1971, Pittsford Gravel Corporation purchased a 137-acre parcel of land in the Town of Perinton. A portion of this parcel had been used as a gravel pit before the enactment of any town zoning laws. After purchasing the land, Pittsford operated the gravel pit for three and one-half months until halted by a stopwork order issued by the town. Pittsford then sought a permit to operate its gravel pit and its application was denied. On March 9, 1972, as the result of a town meeting attended by Pittsford representatives, the town board adopted Local Law No. 3, 1972, requiring the issuance of a permit by the Zoning Board of Appeals for the operation of any excavation. Pittsford made application for a permit under this law in September, 1972. A public hearing was held by the Zoning Board and various governmental planning and conservation agencies submitted reports. On December 6, 1972, Pittsford's application was denied. It commenced an article 78 proceeding seeking judicial review of the board's denial and, in the alternative, a declaration that Local Law No. 3 is void. Special Term, after considering arguments by both parties as to the validity of the enactment of the law, issued a declaratory judgment that the law was void as having been improperly enacted. Local Law No. 3 was enacted pursuant to the authority granted by article IX (§ 2, subd. [c]) of the New York Constitution, section 10 (subd. 1, par. a) of the Municipal Home Rule Law and subdivision 6 of section 10 of the Statute of Local Governments which allow towns to adopt local laws consistent with the authority of article 16 of the Town

Law. It is zoning legislation as opposed to the regulatory legislation (*Matter of Village of Island Park* v. *Bulk Plants,* 258 App. Div. 185). The town argued the validity of the law's enactment at the trial and at no time expressed surprise that the question was raised. CPLR 3013 requires pleadings to be stated with sufficient particularity to give the court and the parties notice of the transactions, occurrences or series of transactions or occurrences to be proved. Its purpose is to prevent surprise (*Foley* v. *D'Agostino,* 21 A D 2d 60). There having been no surprise, Pittsford's pleadings are deemed amended to conform to the proof (*Harbor Assoc.* v. *Asheroff,* 35 A D 2d 667; *Di Rosse* v. *Wein,* 24 A D 2d 510; CPLR 3025, subd. [c]). Pittsford did not waive its right to contest the constitutionality of Local Law No. 3 by making application for a permit (*Matter of Holy Sepulchre Cemetery* v. *Board of Appeals of Town of Greece,* 271 App. Div. 33). However, since it appeared at the town meeting at which the law was enacted, it was not a proper party to challenge the law on grounds of improper notice of proposed enactment and, thus, the trial court erred in invalidating the law. (*Avelli* v. *Town of Babylon,* 54 Misc 2d 662; *Levine* v. *Town of Oyster Bay,* 46 Misc 2d 106, affd. 26 A D 2d 583; 1 Anderson, New York Zoning Law and Practice, § 4.15). The portion of land on which excavation had been conducted before the enactment of any town zoning laws, constituted a substantial nonconforming use and the Zoning Board of Appeals was without power to deny a permit for continued use in this manner (*People* v. *Miller,* 304 N. Y. 105) and a permit for such use should have been issued. The burden of proof is on the applicant to show that any refusal to enlarge this pre-existing use would constitute an unreasonable deprivation of its right to effectively use its land (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39). The standard to be met is the same as would support a variance (*Matter of Crossroads Recreation, supra,* 42-44; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 75, 76). Since the lower court declared the law invalid, it did not consider the extent of the nonconforming use and the reasonableness of the denial of the application for an enlargement. Pittsford should have had an opportunity to be heard on these issues (CPLR 7804, subd. [g]) and the court may try out any question of fact (CPLR 7804, subd. [h]; Town Law, § 267, subd. 7; *People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73, 79-80; *Thayer* v. *Baybutt,* 29 A D 2d 486, affd. 24 N Y 2d 1018). The case should be remitted to Special Term (*Matter of Joynt* v. *King,* 6 A D 2d 234, 239-241) to determine if the board's refusal to issue a permit for the pre-existing nonconforming use and for its enlargement was arbitrary (*Matter of Fiore* v. *Zoning Bd. of Appeals of Town of Southeast,* 21 N Y 2d 393) or whether the board had a reasonable basis for its action (*Matter of Dolomite Prods. Co.* v. *Kipers,* 23 A D 2d 339, affd. 19 N Y 2d 739, amd. 20 N Y 2d 743). Testimony may be taken as to prior nonconforming use and any other germane matters. (Appeal from judgment of Monroe Special Term in article 78 proceeding to declare Local Law invalid.) Present — Goldman, P. J., Moule, Cardamone, Simons and Henry, JJ.