GEORGIANN DETRINCA, Appellant, v BETTINA R. DE FILLIPPO, Defendant, and OUR LADY OF MERCY MEDICAL CENTER, Respondent.

First Department, April 11, 1991

506

APPEARANCES OF COUNSEL

*William A. Gallina* of counsel *(Dorothy S. Vivas* with him on the brief; *Klar Piergrossi & Gallina,* attorneys), for appellant.

*Steven I. Brizel* of counsel *(Garbarini & Scher, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

Ross, J.

The issue presented on this appeal is whether the IAS court abused its discretion, in denying leave to the plaintiff to amend her complaint.

During the morning of November 12, 1986, Ms. Georgiann Detrinca drove her automobile into a parking garage, owned and operated by Our Lady of Mercy Medical Center (Medical Center), located at 613 East 233rd Street, Bronx County, and thereafter, exited her vehicle, in order to wait for an attendant to park same. While she stood adjacent to the vehicle, an automobile, owned and operated by Ms. Bettina R. De Fillippo, struck her from behind, knocking her to the ground, causing her to sustain injuries, including a fractured left hip.

Subsequently, in May 1987, Ms. Detrinca (plaintiff) commenced an action against Ms. De Fillippo and the Medical Center (defendants) to recover damages for her injuries, based upon their alleged negligence.

Following the filing of a note of issue, late in February 1990, plaintiff moved for leave to amend the complaint, in order to assert that, based upon the facts of the instant personal injury action, involving a motor vehicle, the provisions of CPLR article 16, limiting tort liability, do not apply to these defendants.

In response to a proposal made by the Governor's Advisory Commission on Liability Insurance, the New York State Legislature added article 16 to the CPLR, effective July 30, 1986, entitled: "Limited Liability of Persons Jointly Liable". According to the Governor's memorandum *(see,* 1986 McKinney's Session Laws of NY, at 3182, 3183), approving that legislation, the legislative intent *(see,* CPLR 1601) is, in pertinent part: "to limit the liability of certain defendants for non-economic loss, such as pain and suffering and mental anguish, in personal injury actions. It provides that where two or more tortfeasors are jointly liable, the liability of a defendant who is responsible for 50% or less of the total liability will not exceed that defendant's equitable share for purposes of the non-economic portion of the award. The defendant, however, will not be able to reduce his or her share by any amount for which a third

party is responsible if jurisdiction cannot be obtained over such party".

The limitations on tort liability, discussed *supra,* are modified by 11 exceptions, set forth in CPLR 1602. Plaintiff contends, in support of her motion, that two of those exceptions apply to these defendants. Specifically, Ms. De Fillippo allegedly is barred by subdivision (6) of that section, since same excludes an action, involving a defendant, such as Ms. De Fillippo, who used, operated, and owned a "motor vehicle", and the Medical Center is barred by subdivision (7) of that section, since said defendant allegedly caused "claimant's injury by having acted with reckless disregard for the safety of others".

By order, entered March 29, 1990, the IAS court denied, in substance, plaintiff's motion to amend the complaint to assert CPLR 1602 exceptions to CPLR article 16. Thereafter, plaintiff moved to renew and reargue that IAS order, and, in addition, to further amend the complaint to increase the ad damnum clause from one million to five million dollars. By order, entered June 29, 1990, the IAS court, in substance, granted, on consent, leave to amend the complaint, to reflect that the exception contained in subdivision (6) of CPLR 1602 applies to defendant Ms. De Fillippo, denied the motion to renew and reargue the order of March 29, 1990, as to defendant Medical Center, and denied an increase in the ad damnum clause. Plaintiff appeals from both orders, and only defendant Medical Center has submitted a respondent's brief.

■ The Court of Appeals, in *Edenwald Contr. Co. v City of New York* (60 NY2d 957, 959 [1983]) held "[p]ermission to amend pleadings should be 'freely given' (CPLR 3025, subd [b]). The decision to allow or disallow the amendment is committed to the court's discretion. *(Murray v City of New York,* 43 NY2d 400, 404-405.)* 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine.' (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477.)"

CPLR 3025 (b), provides that a court may grant leave to amend pleadings "at any time". In *Daniels v Empire-Orr, Inc.* (151 AD2d 370, 371 [1st Dept 1989]), we detailed the procedure a court should follow in deciding a motion for leave to amend, and stated, in pertinent part: "[t]he analysis established by this court in *East Asiatic Co. v Corash* (34 AD2d 432, 436 [1st

Dept 1970]) begins with a two-pronged test. First, the proponent must allege legally sufficient facts to establish a prima facie cause of action * * * in the proposed amended pleading. If the facts alleged are incongruent with the legal theory relied on by the proponent the proposed amendment must fail as a matter of law. * * * The next step is for the nisi prius court to test the pleading's merit. The merit of a proposed amended pleading must be sustained, however, unless the alleged insufficiency or lack of merit is clear and free from doubt".

Pursuant to CPLR 1603, a party, such as plaintiff, in a personal injury action, who asserts that the limitations on liability contained in article 16 "do not apply shall allege and prove by a preponderance of the evidence that one or more of the exemptions set forth in section sixteen hundred two applies". Since our review of the provisions of that article do not indicate that a party is required to allege a CPLR 1602 exception at any particular stage of the proceeding, we find that the plain meaning of this statute is that a party may allege such exception at any time, subject to the provisions of CPLR 3025, *supra (see, Marcus Assocs. v Town of Huntington,* 45 NY2d 501, 505 [1978]).

In support of the proposed amendment, relative to CPLR article 16 exceptions, the plaintiff offers her own affidavit of merit, extracts from her deposition testimony, extracts from the deposition testimony of defendant Ms. De Fillippo, and the complete deposition testimony of Mr. Donald Fuller.

Plaintiff, in both her affidavit and deposition testimony, stated, in substance, that, at the time of the accident, approximately 8:15 A.M., the parking garage was crowded with people who were trying to park their vehicles, so that they could hurry off to their place of employment. Further, she testified that there were no signs advising patrons how to park their vehicles. Moreover, she testified that there were no caution or stop signs in the dimly lit indoor parking garage, and the attendants did not provide parking directions to the patrons.

Defendant, Ms. De Fillippo, testified, in substance, that there were no signs anywhere, providing vehicle operators with directions as to how to operate their vehicles within the garage, there were no lights on in the garage on the day of the accident, and vehicles were double parked, on both sides, as she entered the garage, so "I was looking to see if I could have parked the car myself * * * I was going down, looking to see if I could see a space where I could get into".

Finally, Mr. Donald Fuller, chief of security for the defendant, Medical Center, testified, in substance, that, on the day of the accident, there were no directional signs in the parking garage, the garage was crowded, the attendants had not been instructed as to how to direct traffic inside the garage, there were no stop signs, there were no signs limiting the speed of vehicles, he had received complaints from the attendants that "[w]e need lighting. Our lights were not lit", and, over the three-year period preceding the accident, there had been "[t]wenty" reported vehicle accidents in the garage.

■ When we apply the holding of *Daniels v Empire-Orr, Inc.* (*supra,* at 371) to the plaintiff's evidentiary submission, discussed *supra,* we find that defendant Medical Center may not be protected by the provisions of article 16, since the plaintiff has alleged sufficient facts to establish, prima facie, that said defendant caused her injury "by having acted with reckless disregard for the safety of others" (*see,* CPLR 1602 [7]), in its operation of its parking garage.

Accordingly, we hold that the record establishes the clear possibility that defendant Medical Center acted with reckless disregard for the safety of those persons using defendant's commercially operated parking garage, to such a degree as to properly have this issue presented to the trier of facts.

■ Since the plaintiff, in her verified bill of particulars, served and filed almost two years before the date of the motion for leave to amend, alleged that the Medical Center was "negligent, careless and reckless in the ownership operation, control, management and supervision of its parking garage", we find that the Medical Center could not have been surprised, by the proposed amendment, relative to this exception to CPLR article 16. It is well-established law that "[l]eave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935)" (*McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757 [1983]).

Moreover, since Medical Center has offered no persuasive evidence indicating that plaintiff's delay in moving for leave to amend has hindered the preparation of its defense, we find that Medical Center will not be unduly prejudiced by the proposed amendment. In fact, our review of Medical Center's respondent's brief indicates that its principal argument against granting leave to amend is that its financial liability

will increase, if it is excepted from coverage under article 16. In *Loomis v Civetta Corinno Constr. Corp.* (54 NY2d 18, 23 [1981], *rearg denied* 55 NY2d 801 [1981]), the Court of Appeals held "[p]rejudice, of course, is not found in the mere exposure of the defendant to greater [financial] liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his [or her] position".

Based upon our analysis *supra,* we find that the IAS court abused its discretion, when it denied the motion for leave to amend the complaint, so that an exception to CPLR article 16 could be asserted against defendant Medical Center.

Next, we turn to the plaintiff's contention that the IAS court also abused its discretion, when it denied plaintiff's motion to amend the ad damnum clause from one million to five million dollars.

We held, in *Brennan v City of New York* (99 AD2d 445-446 [1st Dept 1984]), that an application for leave to increase the ad damnum clause must be accompanied by an affidavit of merit, and "should also be supported by a physician's affidavit pertaining to a recent physical examination of the plaintiff, specifying the change or deterioration of plaintiff's condition, the injuries which had not been considered previously or the extent to which plaintiff's condition has been aggravated and containing an opinion as to their prospective consequences and prognosis, the resulting disability in terms of permanency and the causal relationship with the original injury and accident".

In support of the motion for leave to amend the ad damnum clause, plaintiff submitted her own affidavit of merit, dated April 5, 1990 together with an affidavit, dated May 10, 1990, from Dr. Uriel M. Adar (Dr. Adar).

Dr. Adar stated, in substance, that he is the plaintiff's treating orthopedic surgeon, and he has treated her regularly, since her initial accident and surgery, including her second hip operation for the removal of surgical hardware. Specifically, Dr. Adar stated, that, based upon the plaintiff's most recent visit to his office, on February 22, 1990, plaintiff's "condition was not improving. As such, at this time the possibility of yet another surgical procedure, namely, a total hip replacement, was discussed for the first time, to take place in the future * * *. It is my opinion that [plaintiff's] symptoms and complaints will not decrease, and her condition will

continue to worsen requiring the possibility of surgery". We find it significant that defendants, one of whom is a large medical institution, have not seen fit to submit any medical evidence to rebut Dr. Adar's opinion.

■ Since our examination of the record indicates that there is merit to plaintiff's application to increase the ad damnum clause, in view of the fact that she has only recently learned that she may possibly have to undergo further surgery to replace her hip, and the defendants have not persuasively established that such an increase will unduly prejudice them, we find that the IAS court abused its discretion in denying the motion for leave to amend the ad damnum clause *(Maddox v City of New York,* 90 AD2d 535 [1982]).

We have considered the other contentions of the parties, and find them to be without merit.

Accordingly, order, Supreme Court, Bronx County (Anita Florio, J.), entered on or about June 22, 1990, which, *inter alia,* on consent, granted leave to plaintiff to amend the complaint to assert a CPLR 1602 exception against defendant, Ms. Bettina R. De Fillippo, denied plaintiff's motion for leave to increase the ad damnum clause, and denied plaintiff's motion to renew and reargue its prior order, entered March 29, 1990, is unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of granting plaintiff's motion to increase the ad damnum clause from one million dollars to five million dollars, granting plaintiff's motion for renewal and reargument, and upon renewal and reargument, granting plaintiff's motion for leave to amend the complaint to assert a CPLR 1602 exception against defendant, Our Lady of Mercy Medical Center, and, except as so modified, otherwise affirmed, without costs. The appeal from the order of the same court and Justice, entered on or about March 22, 1990, is unanimously dismissed, as superceded by the appeal from the order, entered on or about June 22, 1990, without costs.

Carro, J. P., Wallach, Kassal and Rubin, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about June 22, 1990, unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of granting plaintiff's motion to increase the ad damnum clause from one million dollars to five million dollars, granting plaintiff's motion for renewal and reargument, and upon renewal and reargument, granting plaintiff's motion for leave to amend the

complaint to assert a CPLR 1602 exception against defendant, Our Lady of Mercy Medical Center, and, except as so modified, otherwise affirmed, and the appeal from the order of said court entered on or about March 22, 1990, unanimously dismissed, as superceded by the appeal from the order entered on or about June 22, 1990, both without costs.