■ CHARLES E. COLE, Respondent, v MANDELL FOOD STORES, INC., Defendant and Third-Party Plaintiff-Appellant. UNITED STEEL PRODUCTS, Third-Party Defendant-Appellant. [662 NYS2d

89] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff Mandell Food Stores, Inc., appeals, as limited by its brief, from so much of (a) a judgment of the Supreme Court, Kings County (Held, J.), dated June 4, 1996, and (b) an amended judgment of the same court, dated August 29, 1996, as, after a jury trial, *inter alia,* is in favor of the plaintiff and against it in the principal sum of $878,588, and (2) the third-party defendant United Steel Products appeals from so much of (a) the judgment dated June 4, 1996, and (b) the amended judgment dated August 29, 1996, as is in favor of the plaintiff and against the defendant third-party plaintiff in the amount of $878,588, and which further is in favor of the defendant third-party plaintiff and against it in the principal sum of $702,870.40 based upon the jury's verdict finding it 80% at fault in the happening of the accident.

Ordered that the appeals from the judgment are dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for the entry of a second amended judgment in accordance herewith; and it is further,

Ordered that one bill of costs is payable to the appellants.

The plaintiff was injured when a roll-up metal security gate, manufactured by the third-party defendant United Steel Products (hereinafter United Steel), unexpectedly dropped and struck his head as he was entering a Key Food Supermarket owned by the defendant Mandell Food Stores, Inc. (hereinafter Mandell). The plaintiff commenced the instant action against Mandell. Mandell, in turn, commenced a third-party action against United Steel for contribution.

Following a bifurcated trial, the jury returned a special verdict finding that Mandell was 20% and United Steel was 80% at fault in the happening of the accident. The jury awarded the plaintiff damages for the loss of past and future earnings in the total sum of $330,000, which was reduced to $128,400 by collateral source contributions, and noneconomic damages in the total sum of $750,000 for past and future pain and suffering. Over United Steel's objections, the court permitted the plaintiff to recover 100% of the judgment from Mandell, and permitted Mandell to recover 80% thereof from United Steel. This was error.

By permitting the plaintiff to recover the full judgment from Mandell, the court effectively abrogated the rule of CPLR

article 16, which limits the fault of a joint tortfeasor for noneconomic loss, where that joint tortfeasor's share of responsibility is less than 50% (*see, Siler v 146 Montague Assocs.,* 228 AD2d 33; *Marsala v Weinraub,* 208 AD2d 689). Pursuant to CPLR 1601 (1), the plaintiff's recovery for noneconomic loss may not exceed Mandell's equitable share of fault, which was found to be 20%. The plaintiff has not demonstrated that any of the exceptions provided by CPLR 1602 are applicable to the instant judgment (*see,* CPLR 1603). Accordingly, the plaintiff may not recover more than 20% of the verdict, or $150,000, for his noneconomic loss from Mandell.

United Steel is correct insofar as it argues that it is not obligated to indemnify Mandell for the noneconomic damages Mandell must pay to the plaintiff. As noted, because the jury found Mandell to be less than 50% responsible for the plaintiff's injuries, CPLR 1601 (1) limits Mandell's liability for noneconomic loss to its equitable share, 20% in this case. Accordingly, as Mandell is not liable for the plaintiff's noneconomic losses in any amount exceeding Mandell's equitable share, Mandell is not entitled to contribution or indemnification therefor from United Steel (*see,* CPLR 1402; *see, Schrader v Carney,* 180 AD2d 200, 209; McLaughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1602:1, 1997 Pocket Part, at 237). The plaintiff may, of course, recover 100% of his damages for lost earnings from Mandell and Mandell is entitled to 80% contribution thereof from United Steel in accordance with the jury's apportionment of fault.

We have examined the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.