*37
 
 OPINION OF THE COURT
 

 Smith, J.
 

 In this personal injury action, the primary issue is whether a plaintiff seeking to recover noneconomic damages from a defendant whose liability is less than 50% may claim an exemption set forth in CPLR 1602 without pleading the exemption or seeking leave to amend the pleadings to include the allegation at any stage of the action. We answer this question in the negative. Plaintiff here failed to satisfy his pleading burden and is therefore precluded from raising the issue on appeal. Moreover, on the cross appeal by third-party defendant, we conclude that Supreme Court properly submitted the case against defendant to the jury under the doctrine of res ipsa loquitur. Accordingly, we affirm the Appellate Division order.
 

 I.
 

 While plaintiff was entering a Key Food supermarket owned and operated by defendant Mandell Food Stores, Inc., a roll-up metal security gate, designed and manufactured by third-party defendant United Steel Products, unexpectedly descended, striking plaintiff on the head. As a result, plaintiff sustained serious injuries and instituted this negligence action against Mandell. Mandell, in turn, commenced a third-party action against United Steel seeking contribution. Plaintiff did not at any time sue United Steel.
 

 Following a bifurcated trial, the jury returned a special verdict finding Mandell and United Steel jointly liable for plaintiff’s injuries. The same jury apportioned 20% of the fault to Mandell and 80% to United Steel and awarded plaintiff (1)
 
 *38
 
 economic damages for the loss of past and future earnings in the amount of $230,000, which was reduced to $128,400 by collateral source contributions, and (2) noneconomic damages totaling $750,000 for past and future pain and suffering. Supreme Court denied the joint motion of Mandell and United Steel, pursuant to CPLR 1601 (1), to limit plaintiff’s recovery for noneconomic loss to Mandell’s equitable share of fault, or 20%, and permitted plaintiff to recover from Mandell the full amount of the judgment. Mandell and United Steel separately appealed.
 

 On appeal, plaintiff averred for the first time that an exception to CPLR 1601 (1) applied which precluded the court from limiting Mandell’s liability to its equitable share of plaintiffs noneconomic loss. Specifically, plaintiff argued that Mandell, as owner and operator of premises open to the public, had a nondelegable duty to provide reasonably safe means of ingress to its supermarket
 
 (see,
 
 CPLR 1602 [2] [iv]).
 

 The Appellate Division reversed, on the law, holding that Mandell was not liable to plaintiff for noneconomic loss in excess of its equitable share because plaintiff had not demonstrated an applicable exception to CPLR article 16 to preclude limiting Mandell’s liability. In addition, the Court determined that Mandell was not entitled to contribution from United Steel for its proportionate share of the award
 
 (Cole v Mandell Food Stores,
 
 242 AD2d 552). The Appellate Division concluded that plaintiff could, however, recover 100% of the economic loss from Mandell, and Mandell could then seek 80% contribution from United Steel (CPLR 1402). We granted plaintiffs motion and United Steel’s cross motion for leave to appeal, and now affirm the Appellate Division order.
 

 Enacted in 1986, CPLR article 16 modifies the traditional rule of joint and several liability
 
 (see,
 
 L 1986, ch 682). Under the traditional rule, each tortfeasor is jointly and severally liable to the plaintiff for the full amount of plaintiffs damages regardless of each tortfeasor’s degree of culpability
 
 (Cooney v Osgood Mach.,
 
 81 NY2d 66, 76). Under article 16, however, a personal injury defendant whose pro rata share of fault is 50% or less is liable for the plaintiffs noneconomic loss only to the extent of such proportionate share (CPLR 1601 [1];
 
 Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 556, n 6).
 

 The limitation of liability prescribed in CPLR 1601 (1) is inapplicable when any of 11 exceptions delineated in CPLR 1602 applies. Pursuant to CPLR 1603, a party asserting an
 
 *39
 
 exception to article 16 has the affirmative obligation of pleading and proving that exception by a preponderance of the evidence (CPLR 1603). The party asserting the limitation of liability has the burden of proving by a preponderance of the evidence that its share of the liability is 50% or less
 
 (id.)
 

 *
 

 Commentators have noted that CPLR 1603 can be “procedurally awkward” for plaintiffs (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1603, at 623; Siegel, NY Prac § 168D, at 255 [2d ed]). Requiring a plaintiff to “allege and prove” an exception to CPLR 1601 (1) “would require the plaintiff to anticipate defendant’s invocation of the Article 16 defense, which may not be possible” (Alexander, Practice Commentaries,
 
 op. cit.,
 
 at 623). Since CPLR 1603 does not articulate when a plaintiff must plead an exception to CPLR 1601 (1) and, in keeping with the liberal rules of CPLR 3025, courts have generally permitted plaintiffs to amend the pleadings at various points throughout an action in order to comply with CPLR 1603 (see,
 
 e.g., Detrinca v De Fillippo,
 
 165 AD2d 505;
 
 Rubinfeld v City of New York,
 
 170 Misc 2d 868).
 

 In this case, plaintiff recognizes that he failed to plead an exception to CPLR 1601 (1) and that he never sought leave to amend the pleadings to include an exception. In fact, plaintiff first asserted that Mandell breached a nondelegable duty on appeal to the Appellate Division. Nonetheless, plaintiff urges that this omission was harmless because raising the exemption earlier would not have affected the legal theory of the case, but only the apportionment of damages. As such, plaintiff maintains that Mandell and United Steel were not prejudiced by introducing the exception on appeal. We disagree.
 

 When the language of a statute is clear and unambiguous, courts are obligated to construe the statute so as to give effect to the plain meaning of the words
 
 (People ex rel. Harris v Sullivan,
 
 74 NY2d 305, 309). The plain words of CPLR 1603 require a plaintiff seeking to recover noneconomic loss from a joint tortfeasor 50% or less liable in a personal injury action to
 
 *40
 
 “allege and prove by a preponderance of the evidence” that the limitation of liability delineated in CPLR 1601 (1) does not apply (CPLR 1603). Implicit in this requirement is that a defendant potentially subject to the weight of a full judgment must have appropriate notice provided by pleadings.
 

 Indeed, it is elementary that the primary function of a pleading is to apprise an adverse party of the pleader’s claim
 
 (see,
 
 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3013:1, at 721) and to prevent surprise
 
 (Matter of Pittsford Gravel Corp. v Zoning Bd.,
 
 43 AD2d 811, 812,
 
 lv denied
 
 34 NY2d 618;
 
 Foley v D’Agostino,
 
 21 AD2d 60, 62-63). Absent such notice, a defendant is prejudiced by its inability to prepare a defense to the plaintiffs allegations
 
 (see,
 
 Siegel, NY Prac § 208, at 302 [2d ed]).
 

 Here, plaintiff concededly never pleaded an exception to CPLR 1601 as required by CPLR 1603. Moreover, plaintiff failed to amend his pleadings during the course of the action to notify Mandell and United Steel of his allegations. Plaintiffs novel argument on appeal that Mandell breached a nondelegable duty was never raised or argued at any point during trial. Therefore, bound by the clear language of the statute, we conclude that, having failed to meet this threshold requirement, plaintiff is barred from asserting the exception on appeal. To hold otherwise would abrogate the clear language of CPLR 1603. Moreover, the assertion by plaintiff that Mandell is liable for the full amount of the judgment by reason of a nondelegable duty to plaintiff required that Mandell have notice of such assertion so that it could prepare its defense or adjust its trial strategy. Failure to provide such notice cannot be deemed harmless.
 

 II.
 

 We have reviewed United Steel’s cross appeal and conclude that Supreme Court properly submitted to the jury the case against Mandell under the doctrine of res ipsa loquitur
 
 (see, Kambat v St. Francis Hosp.,
 
 89 NY2d 489, 497-498;
 
 Dermatossian v New York City Tr. Auth.,
 
 67 NY2d 219, 227).
 

 Accordingly, the Appellate Division order should be affirmed, with costs to defendant Mandell Food Stores, Inc. on plaintiffs appeal and with costs to plaintiff and defendant Mandell Food Stores, Inc. on the appeal by United Steel Products.
 

 
 *41
 
 Chief Judge Kaye and Judges Bellacosa, Ciparick and Wesley concur; Judges Levine and Rosenblatt taking no part. Order affirmed, etc.
 

 *
 

 CPLR 1603 provides:
 

 “In any action or claim for damages for personal injury a party asserting that the limitations on liability set forth in this article do not apply shall allege and prove by a preponderance of the evidence that one or more of the exemptions set forth in subdivision one of section sixteen hundred one or section sixteen hundred two applies. A party asserting limited liability pursuant to this article shall have the burden of proving by a preponderance of the evidence its equitable share of the total liability.”