■ Latha Restaurant Corp., Appellant, v Tower Insurance Company, Respondent. [728 NYS2d 45] —Orders, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about April 6, 2000 and June 21, 2000, which denied plaintiff's motions for an order vacating the September 28, 1999 order of dismissal (Luis A. Gonzalez, J.), unanimously reversed, on the law and the facts, with costs, the motions granted and the complaint reinstated.

This is an action to recover on a policy of insurance for a November 1993 destruction by fire of plaintiff's restaurant. Commenced in November 1995, this action was dismissed in September 1999 based on plaintiff's failure to appear on a calendar call. Plaintiff did not receive notice of the conference, was not advised of the dismissal and was not served the order with notice of entry by defendant. Upon learning of the dismissal, plaintiff promptly moved to vacate the order of dismissal, which motion was denied by the IAS court on the ground that plaintiff had neglected to prosecute this action. Since dismissal was pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27 and one year had not elapsed prior to the motion to vacate the dismissal, plaintiff was not required to satisfy CPLR 3404 but rather the excusable default provision of CPLR 5015 (a) (*Mediavilla v Gurman*, 272 AD2d 146, 147-148). Plaintiff demonstrated a valid excuse for the failure to appear since no notice was actually received. Plaintiff's failure to appear was not part of a pattern of delay, willful neglect or noncompliance with court orders (*Rudes v Magna Stables*, 277 AD2d 63; *Campenni v Ridgecroft*, 261 AD2d 496; *Fink Weinberger v Rosenkrantz*, 252 AD2d 368).

In support of its motion to vacate the dismissal and restore this case to the court's calendar, plaintiff annexed an affidavit of plaintiff's president specifying factual details of the fire, the insurance policy and defendant's failure to pay on the claim. Also annexed were a Fire Department report on the fire, photographs of improvements made to the premises just prior to the fire, the proof of loss statement made by plaintiff's adjuster and other material. While defendant nonetheless claims that plaintiff has failed to demonstrate a meritorious cause of action, plaintiff only failed to address the merits of defendant's affirmative defenses and counterclaims on which defendant, not plaintiff, bears the burden of proof.

Since plaintiff clearly demonstrated a meritorious cause of

action and a reasonable excuse for its default, we reverse and grant the motions. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.