■ PETER SPYROPOULOS, Appellant, v WILLIE HAIM HIRSH, Respondent, et al., Defendants. [792 NYS2d 447]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered April 6, 2004, which granted defendant Hirsh's motion to vacate his default on a prior motion for partial summary judgment, and upon vacatur, granted Hirsh summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendant should not be prejudiced by his prior attorney's default, which was inadvertent, unintentional and an isolated incident devoid of any pattern of dilatory behavior (CPLR 2005; *Latha Rest. Corp. v Tower Ins. Co.*, 285 AD2d 437 [2001]).

The advertisement contract between METROPAGES, INC. and the restaurant was accepted and signed by plaintiff himself, whereby he agreed that "(a) The advertiser and/or agency is authorized to publish the entire contents and subject matter

thereof, and (b) the advertisements do not infringe on or upon the rights of third parties." Coupled with the fact that plaintiff voluntarily posed for the pictures included in the restaurant critiques, and voluntarily gave an interview for an article, we find no civil rights violation.

Plaintiff's seventh cause of action, alleging harm to his reputation without specification, is unsupportable. The fact that the restaurant ultimately became insolvent is not a basis for a common-law action for damage to reputation, absent an allegation that the articles were in any way false. Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.