(September 22, 2005)

■ PETER SPYROPOULOS, Appellant, v WILLIE HAIM HIRSH, Respondent, et al., Defendants. [801 NYS2d 288]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered April 6, 2004, which granted defendant Hirsh's motion to vacate his default on a prior motion for partial summary judgment, and upon vacatur, granted Hirsh summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendant should not be prejudiced by his prior attorney's default, which was inadvertent, unintentional and an isolated incident devoid of any pattern of dilatory behavior (CPLR 2005; *Latha Rest. Corp. v Tower Ins. Co.*, 285 AD2d 437 [2001]).

Plaintiff's showing as against Hirsh was insufficient to provide a basis for relief against him under Civil Rights Law §§ 50 and 51. Plaintiff's seventh cause of action, alleging harm to his reputation without specification, is unsupportable. The fact that the restaurant ultimately became insolvent is not a basis for a common-law action for damage to reputation, absent an allegation that the articles were in any way false. Mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on April 5, 2005 (17 AD3d 125 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.