■ In the Matter of JOSARAH GLORIA C., a Child Alleged to be Permanently Neglected. VERONICA B., Appellant; NEW YORK FOUNDLING HOSPITAL, Respondent. [837 NYS2d 123]—

Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about October 6, 2005, which denied respondent mother's motion to vacate orders entered April 19, 2005 on default, one

determining that she permanently neglected her daughter, and the second terminating her parental rights to her daughter, unanimously modified, on the law and the facts, to the extent of granting the motion to vacate the default on termination of parental rights and remanding for a new dispositional hearing, and otherwise affirmed, without costs.

Respondent's failure to appear on the date of the inquest, April 5, 2005, was a direct result of her attorney's error, was not part of a pattern of dilatory behavior (*Spyropoulos v Hirsh*, 21 AD3d 818 [2005]). As to the merits of her defense, respondent failed to provide sufficient evidence to rebut the court's finding of permanent neglect. The record establishes that despite petitioner agency's diligent efforts, respondent failed to participate regularly in counseling, returned her daughter to petitioner less than two months after she was given the opportunity to resume caring for her, and declined homemaking services. Nevertheless, she did present sufficient evidence that the foster parents who have cared for the child for eight years are not committing to adopting her, and that the now 10-year-old daughter does not wish to be adopted. Under these circumstances (*see Matter of Amber AA.*, 301 AD2d 694, 697 [2003]; *Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]), respondent has provided a potentially meritorious defense to the termination of her parental rights on default (*see Matter of Vanessa B.*, 23 AD3d 273 [2005]). Concur—Tom, J.P., Saxe, Marlow, Sullivan and Williams, JJ.