■ LAUREN SCOTT MILLER, Appellant, v STAPLES THE OFFICE SUPERSTORE EAST, INC., Doing Business as STAPLES, et al., Respondents. (And a Third-Party Action.) [860 NYS2d 51]—

Order and partial judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered April 10, 2007, which, to the extent appealed from as limited by the briefs, granted defendants' motion for leave to amend the answer to assert a counterclaim for a declaratory judgment that apportionment pursuant to CPLR 1601 applies to this action, unanimously modified, on the law, to deny such a declaration, and otherwise affirmed, without costs. Order, same court and Justice, entered September 12, 2007, which, to the extent appealable, denied plaintiff's motion to amend the complaint to allege the application of the exception to CPLR 1601 under CPLR 1602 (10), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff was injured when a bungee cord attached to a luggage cart snapped, recoiled and struck her in the eye. She commenced this action against Staples the Office Superstore East, Inc. (Staples), which sold the cart to plaintiff, and TJC Inc. (TJC), the domestic distributor of the cart. During discovery it became apparent that the cart was manufactured in China by a company called Fortune Touch or its affiliate, Formost Plastic and Metal Works (Formost). However, defendants Staples and TJC were unable to identify precisely which of those companies actually manufactured the cart. It was also learned that the bungee cord was manufactured in China by Fujian Changtai Zhidai Youxian Gongsi (Fujian). Plaintiff did not name any of the Chinese companies as a party defendant. Defendants

impleaded Fujian, but not Fortune Touch or Formost, and were unsuccessful in their efforts to serve process on Fujian.

In their initial answers to the complaint, Staples and TJC each pleaded CPLR article 16 apportionment as an affirmative defense. CPLR 1601 provides generally that defendants found to bear no more than 50% of the overall liability for a plaintiff's injuries are only responsible for their proportionate shares of the plaintiff's noneconomic loss. After discovery was complete, defendants moved to amend their respective answers to add a counterclaim for a declaration that the exception to the apportionment rule found in CPLR 1602 (10) did not apply. CPLR 1602 (10) provides that apportionment: "shall not apply to any person held liable in a product liability action where the manufacturer of the product is not a party to the action and the claimant establishes by a preponderance of the evidence that jurisdiction over the manufacturer could not with due diligence be obtained and that if the manufacturer were a party to the action, liability for claimant's injury would have been imposed upon said manufacturer by reason of the doctrine of strict liability, to the extent of the equitable share of such manufacturer."

The motion further sought judgment on the counterclaim should leave to amend be granted. Defendants stated that they sought such a declaration at this stage of the litigation because "[t]he bottom line is that this case stands a much greater chance of settling if, before trial, the parties can ascertain the Court's ruling with respect to Article 16 and adjust their evaluation accordingly."

As to the merits of their claim, defendants argued that plaintiff could have obtained jurisdiction over the manufacturers of the luggage cart and the bungee cord because she knew their identities and they had sufficient contacts with the State of New York to be amenable to its jurisdiction. They further argued that the location of the entities in China was not in itself a bar to serving process. They asserted that service could have been accomplished through the Hague Convention (the international Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters).

Plaintiff opposed the motion primarily on the grounds that the facts did not support a finding that long-arm jurisdiction was available over the Chinese entities. To the contrary, plaintiff argued that the court should declare that long-arm jurisdiction over the Chinese companies did not exist as a matter of law.

The motion court granted defendants' motion in its entirety. Sua sponte, the court, relying on *Cole v Mandell Food Stores*

(93 NY2d 34 [1999]), held that plaintiff had waived any argument that an exception to CPLR article 16 applied because she had not alleged the exception in her complaint. The court further found that plaintiff had the burden of proof to show that article 16 apportionment did not apply. Indeed, the court held, plaintiff had failed to prove that jurisdiction over the Chinese entities could not have been obtained.

Eight days after the decision was issued, plaintiff moved to reargue and to amend her complaint to assert CPLR 1602 (10) as an exception to apportionment. The court denied the motion in its entirety. It found that there was no authority for a party to amend a pleading and thereby revive a matter that had already been determined against that party. The court further held that plaintiff did not establish that the Chinese entities were not amenable to suit via long-arm jurisdiction.

The court's findings are erroneous. First, on the original motion, the court placed the burden of persuasion on plaintiff, when it should have been placed on defendants. While CPLR 1603 places the burden on plaintiff of proving an exception to the apportionment rule, defendants, by asserting it as a counterclaim and seeking an early determination on the issue, for present purposes, shifted the burden of proof to themselves (*see Latha Rest. Corp. v Tower Ins. Co.*, 285 AD2d 437 [2001] [defendant bears burden of proof on counterclaims]). Moreover, the part of defendants' motion which sought a declaration that article 16 apportionment among all culpable parties was appropriate as a matter of law was effectively one for summary judgment. The court failed to recognize the fundamental principle that a party moving for affirmative relief has the initial burden on the motion. In this matter defendants had the obligation to show their entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, it was defendants who were required to demonstrate in their moving papers that plaintiff could obtain jurisdiction over those entities with due diligence.

Defendants clearly failed to meet their burden. In their moving papers they asserted that Fujian and the manufacturer of the luggage cart had sufficient contacts with New York for long-arm jurisdiction. However, they did not even attempt to argue that plaintiff would have been successful had she attempted to effectuate service on them, via the Hague Convention or otherwise. Indeed, defendants themselves were unable to serve their third-party complaint on Fujian. In any case, defendants did not satisfy their burden and it never shifted to plaintiff to

submit any evidence to create an issue of fact as to the possibility of serving those parties (*id.*).

Further, the court committed error when it acted prematurely. *Cole v Mandell Food Stores* (93 NY2d 34 [1999], *supra*), on which it relied in finding that plaintiff waived the CPLR 1602 (10) exception, dealt with a case in a dramatically different procedural posture. There, the plaintiff did not attempt to invoke an exception until well after the trial was over. Indeed, he did so for the first time on the defendants' appeal from the trial court's denial of their joint motion for apportionment. The Court of Appeals held that the plaintiff's failure to allege an exception at any time before the jury rendered its verdict deprived the defendants of the notice necessary to prepare their defenses or adjust their trial strategies so as to defeat the applicability of the exception (93 NY2d at 40). Significantly, the Court also emphasized that an exception may be pleaded at virtually any stage of an action, so long as adequate notice is afforded (*id.* at 39-40).

Here, none of the concerns that were present in *Cole* exists. Defendants were never at risk of being caught off guard by plaintiff's failure to invoke an exception to apportionment. To the contrary, they demonstrated their awareness of a possible issue concerning apportionment by affirmatively moving to have the issue finally determined well prior to trial. Furthermore, they demonstrated, by making a summary judgment motion on that claim, that they believed they had sufficient evidence at hand to challenge plaintiff's invocation of CPLR 1602 (10). Finally, the court's reliance on *Cole* when the case was at this particular posture contravened the holding in *Cole*.

Given that defendants' motion should never have been granted in the first place, it was error for the court to deny plaintiff's motion to amend to plead CPLR 1602 (10) as an exception to the apportionment rule. As discussed, the Court of Appeals recognized in *Cole* that, "in keeping with the liberal rules of CPLR 3025, courts have generally permitted plaintiffs to amend the pleadings at various points throughout an action in order to comply with CPLR 1603" (*Cole*, 93 NY2d at 39, citing *Detrinca v De Fillippo*, 165 AD2d 505 [1991]). Indeed, defendants do not argue that plaintiff made her motion late. Rather, they claim that the proposed amendment failed on the merits, because plaintiff did not prove on the motion that she could not obtain jurisdiction over the manufacturers. However, this argument misstates what is required on a motion to amend to allege a CPLR 1602 exception.

As this Court has held, the standard on a motion to amend to

allege a CPLR 1602 exception is no different than on any motion to amend pursuant to CPLR 3025. The proposed amendment should be sustained unless its "alleged insufficiency or lack of merit is clear and free from doubt" (*Detrinca*, 165 AD2d at 509). Here, plaintiff's proposed amendment satisfied that standard. At the time plaintiff made her motion, even defendants were not certain of the true identity of the cart's manufacturer. Moreover, plaintiff knew that the manufacturer was located in China, and that service of process would not be routine. Indeed, plaintiff knew that defendants themselves had not been able to serve a third-party summons on the manufacturer of the bungee cord. Under such circumstances, an allegation that jurisdiction could not be obtained over the manufacturers could hardly be said to have been lacking in merit as a matter of law. To the contrary, it served the purpose of placing defendants on notice of plaintiff's intention to prove at trial that CPLR 1602 (10) applied to this action, and that she would seek to hold defendants jointly and severally liable for her injuries (*Cole*, 93 NY2d 34 [1999], *supra*). Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ. [*See* 2007 NY Slip Op 30516(U).]