Parkchester Preserv. Co. LP v Sanchez (2025 NY Slip Op 50511(U))

[*1]

Parkchester Preserv. Co. LP v Sanchez

2025 NY Slip Op 50511(U)

Decided on April 9, 2025

Civil Court Of The City Of New York, Bronx County

Guglielmo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2025
Civil Court of the City of New York, Bronx County

Parkchester Preservation Company LP, Plaintiff,

against
Yancarlos Sanchez, Defendant.

Index No. CV-016619-19/BX

Dawn Guglielmo, J.

Recitation, as required by CPLR 2219 (a), of the papers considered in review of this motion to vacate dismissal and restore to calendar (Motion Seq. 4):
Sequence No. 4 Doc. Nos.
Notice of Motion, Affirmation in Support, and Exhibits (Motion Seq. 4) 1
Decision and Order on Motion Seq. 1-3 2-4
Administrative Order 5
Notice of Motion, Affirmations in Support, and Exhibits (Motion Seq. 3) 6
Notice of Motion, Affirmation in Support, and Exhibits (Motion Seq. 2) 7
Upon the foregoing cited papers and due deliberation, the motion of plaintiff, PARKCHESTER PRESERVATION COMPANY LP (hereinafter "plaintiff"), to vacate the dismissal of this action and restore this action to the calendar, is hereby denied for the reasons discussed infra.
On September 3, 2019, plaintiff commenced the instant action against defendant, YANCARLOS SANCHEZ (hereinafter "defendant"), with the filing of a summons and complaint, seeking $11,791.88 based upon allegations that defendant had accrued a balance of unpaid rent from May 2017 through February 2018.
On October 6, 2020, plaintiff made a motion (Mot. Seq. 1) seeking additional time to serve the summons and complaint. On November 17, 2020, an Order was entered by the Hon. Brenda Rivera denying the motion with leave to renew, for failure to include an affirmation stating sufficient facts.
On June 9, 2022, a Judgment Returned Notification, entered by the Judgment Clerk, noted "Please see copy of Judge Brenda Rivera's Order, Entered 11/17/2020." On June 30, 2022, a Judgment Returned Notification, entered by the Judgment Clerk, indicated that an Affidavit of Service was not filed with the Court.
On August 11, 2023, an Administrative Order was entered by the Hon. Carolyn Walker-Diallo wherein the instant action, being filed prior to March 17, 2020 and in which no responsive papers were filed, no application for a default judgment was made, and no motion demonstrating good cause to prevent dismissal was filed on or before February 23, 2023, was marked administratively dismissed.
On December 14, 2023, plaintiff filed a motion (Mot. Seq. 2) seeking a default judgment as against defendant. An affidavit of service, without a filing stamp, is attached to Mot. Seq. 2 as Exhibit 2. In the affidavit, sworn to on September 20, 2019, affiant stated that he effectuated service upon defendant on or about September 16, 2019 by affixing a copy of the summons and complaint to defendant's place of business and by mailing an additional copy to defendant after having called thereat on three separate instances. By Order dated March 28, 2024, Hon. Cynthia Isales denied the motion for failure to annex an affidavit of personal knowledge and failure to annex an affidavit of non-military service.
On May 31, 2024, plaintiff filed a motion (Mot. Seq. 3) again seeking a default judgment against defendant. By Order dated August 5, 2024, Hon. Edit Shkreli denied the motion as procedurally defective, in light of the administrative dismissal of the instant action on August 11, 2023, and noted other deficiencies in plaintiff's submission.
On October 22, 2024, plaintiff filed the instant motion (Mot. Seq. 4) to vacate the dismissal of this action and restore this action to the calendar.
A defendant who has been served process in accordance with CPLR 308 (4) must serve an answer within thirty days after service is complete (CPLR 3012 [c]).
CPLR 3215 governs in instances where the action has been commenced, but no responsive pleading or appearance has been made by the defendant. If the action is one in which the plaintiff has failed to seek a default judgment within one year after the default, CPLR 3215 (c) provides that "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or motion, unless sufficient cause is shown why the complaint should not be dismissed."
Executive Order No. 202.8, issued on March 20, 2020 by Governor Andrew Cuomo, tolled any specific time limit for the filing of any legal action or notice prescribed by the procedural laws of New York State. Executive Order No. 202.72, issued on November 3, 2020 by Governor Andrew Cuomo, terminated the tolling of time limits of civil cases as of November 4, 2020. A toll suspends the running of time limitations for a finite time period (Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]; NYCTL 2017-A Trust v Ghiselli, 215 AD3d 427, 429 [1st Dept 2023]).
On December 22, 2022, a Notice authored by the Hon. Carolyn Walker-Diallo, Administrative Judge, addressed actions filed in the Civil Term of New York City Civil Court prior to March 17, 2020, that had no activity since March 17, 2020 ("the Notice"). This Notice was published in the New York Law Journal; on the New York City Civil Court section of the New York City Civil Court website; and on physical signs posted in the Clerk's Offices of the New York City Civil Courts from December 22, 2022 through February 23, 2023. The Notice also delineated that such proceedings would be calendared into Parts 97, 98, or 99. Those proceedings that had been issued an index number but had no additional filings or responsive papers received by the Court, were calendared in Part 97. Those proceedings that had been issued an index number and where an affidavit of service had also been docketed with the Court, were calendared in Part 98. Those proceedings in which an answer was also filed with the Court, [*2]were calendared in Part 99. The Notice further advised that, regarding cases appearing on the Part 97 calendar, failure to file either a notice of intent to prosecute/defend affected actions or file a stipulation agreeing to restore the case to the calendar would result in an administrative dismissal of the action.
A plaintiff is entitled to the vacating of a dismissal order upon showing of excusable neglect, as opposed to a pattern of delay or willful neglect, and a meritorious claim (Latha Restaurant Corp. v Tower Ins. Co. 285 AD2d 437 [1st Dept 2001] [plaintiff demonstrated valid excuse for failure to appear based on lack of notice of calendar call] [internal citations omitted]). Assessment of the sufficiency of the proffered excuse and the adequacy of merit rests within the sound discretion of the court (Mediavilla v Gurman, 272 AD2d 146, 148 [1st Dept 2000], citing Provident Life & Cas. Ins. Co. v Hersko, 246 AD2d 365 [1st Dept 1998], Smith v Daca Taxi, 222 AD2d 209, 211 [1st Dept 1995]).
In support of their motion, plaintiff attaches an affidavit of their attorney. Counsel avers that plaintiff was "wholly unaware of any administrative dismissal of the case and to date, has not been served with any documentation whatsoever regarding the administrative dismissal of the case." Counsel further states that plaintiff had "no intention of abandoning the litigation" and has filed several motions with the Court seeking default judgment against defendant.
Here, plaintiff effectuated service upon defendant on or about September 16, 2019. Assuming, arguendo, that plaintiff filed the affidavit of service with the court, defendant was in default on or about October 16, 2019. Under normal circumstances (without the impact of tolling due to COVID-19), plaintiff was required to seek default judgment by October 16, 2020 (see CPLR 3012 [c]). On March 20, 2020, time limitations were tolled per Executive Order, at which point plaintiff had approximately seven months and four days to seek default judgment (see Executive Order No. 202.8). On November 4, 2020, the tolling was lifted, and plaintiff was required to seek default judgment by approximately June 8, 2021 (seven months and four days past November 4, 2020) (see Executive Order No. 202.72). Plaintiff first filed a motion seeking a default judgment approximately two and a half years past this deadline, on December 14, 2023.
Considering the impact of COVID-19, plaintiff was granted an additional opportunity to prevent dismissal of the instant action via the Notice issued by the Hon. Carolyn Walker-Diallo on December 22, 2022. The Court finds that plaintiff had constructive notice of this Notice, to wit, its publication in the New York Law Journal; on the New York City Civil Court website; and by the signs posted in the Clerk's Offices in the New York City Civil Courts, from December 2022 through February 2023.
Plaintiff failed to file either a notice of intent to prosecute or a stipulation agreeing to restore the case to the calendar. Rather, plaintiff first filed a motion seeking default judgment on December 14, 2023, approximately one year after the issuance of the Notice. Therefore, the Court finds that plaintiff abandoned their case; that dismissal was appropriate; and that plaintiff has failed to make a showing of reasonable excuse for the delay or excusable neglect (see CPLR 3215 [c]); see e.g. NYCTL 2017-A Trust v Ghiselli, 215 AD3d 427, 429-430 [1st Dept 2023]; Latha Restaurant Corp. v Tower Ins. Co. 285 AD2d 437 [1st Dept 2001]).
As plaintiff has failed to make a showing sufficient to warrant vacating the dismissal of the instant action, the merits of plaintiff's underlying claim have not been evaluated by this Court.
Accordingly, it is hereby,
ORDERED that the motion of plaintiff, PARKCHESTER PRESERVATION [*3]COMPANY LP, to vacate the dismissal and restore the instant action to the calendar is hereby denied.
This constitutes the Decision and Order of this Court.
Dated: April 9, 2025
Hon. Dawn Guglielmo
Judge of the Civil Court