| **Doe v Heath** |
| --- |
| 2025 NY Slip Op 31716(U) |
| May 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152523/2025 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LESLIE A. STROTH**     PART     **12M**

*Justice*

-------------------------------------------------------------------X

JANE DOE

         Plaintiff,

      - v -

CHRISTOPHER J. HEATH,

         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152523/2025 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8, 9

were read on this motion to/for          ANONYMITY          .


Plaintiff moves, by Order to Show Cause, for permission from this Court to proceed anonymously during this action.

Plaintiff argues that allowing plaintiff to proceed under a pseudonym would protect plaintiff from the stigma associated with sexual assault that may result upon disclosure of their identity in the instant matter. Plaintiff, like many other similarly situated plaintiffs, is concerned that disclosure of their identity will cause further emotional distress, embarrassment, and ridicule (NY St Cts Elec Filing [NYSCEF] Doc No. 5 ¶ 8).

The Victims of Gender-Motivated Violence Protection Law ("GMVA"), revives previously time-barred claims for "crime[s] of violence motivated by gender." (New York Administrative Code, Chapter 11 §§ 10-1101 – 10-1107).

The Court finds that, based upon the affidavits of service, Defendant was duly served with the instant Order to Show Cause, and did not submit opposition. (NYSCEF Doc No. 9).

152523/2025   DOE, JANE vs. HEATH, CHRISTOPHER J.
Motion No.  001

Page 1 of 4

While the relief herein is unopposed, the Court has determined that a decision reflecting its deliberation on the application herein is warranted.

In general, "[t]he determination of whether to allow a plaintiff to proceed anonymously requires the court to use its discretion in balancing plaintiff's privacy interest against the presumption in favor of open trials and against any prejudice to defendant" (*Anonymous v. Lerner*, 124 AD3d 487, 487 [1st Dept 2015] [internal quotation marks and citations omitted]; see *J. Doe No. 1 v. CBS Broadcasting, Inc.*, 24 AD3d 215 [1st Dept 2005]; see also *Doe v. Szul Jewelry, Inc.*, 2008 NY Slip Op 31382 [U] [Sup Ct, NY County 2008]). Among the recognized values of open access to civil proceedings is that "the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud" (*Danco Labs. v. Chemical Works of Gedeon Richter*, 274 AD2d 1, 7, [1st Dept 2000]). Likewise, the very openness of the process should provide the public "with a more complete understanding of the judicial system and a better perception of its fairness" and serves to "ensure that [the proceedings] are conducted efficiently, honestly and fairly" (*Danco, 274 AD2d* at 7, supra).

However, the right of the public, and the press, to access judicial proceedings is not absolute or unfettered, and involves judicial discretion (*Lerner, 124 AD3d at 487, supra*). Moreover, access may still be respected in keeping with constitutional requirements while sensitive information is restricted in keeping with "the State's legitimate concern for the well-being" of an individual (*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 [1982]).

In addition, while "[i]t is elementary that the primary function of a pleading is to apprise an adverse party of the pleader's claim", the same does not necessarily apply to a pleader's name (*Cole v. Mandell Food Stores, Inc.*, 93 NY2d 34, 40 [1999]).

**152523/2025 DOE, JANE vs. HEATH, CHRISTOPHER J.**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

Here, there can be little doubt that Plaintiff's case will involve information of a personal and highly sensitive nature. Plaintiff alleges that they are the victim of sexual assault and that as a result they have suffered significant physical, emotional, and psychological injuries (NYSCEF Doc No. 5, ¶¶ 6-7) Defendants have neither opposed plaintiff's motion, nor do they make their own motion for anonymity. As such, based upon the unopposed motion and the documents received and reviewed, the Court does not find that Defendants are prejudiced at this time.

An express purpose of the GMVA is to revive previously time-barred claims. (New York Administrative Code, Chapter 11 § 10-1105) Revealing Plaintiff's identity may have a chilling effect on Plaintiff in litigating the instant matter, and on other plaintiffs from pursuing similar litigation. Such would directly contradict the express legislative purpose of the GMVA. (New York Administrative Code, Chapter 11 § 10-1102)

Granting anonymity to Plaintiff is a far less drastic limitation on the public's right to open proceedings than the sealing of records. (*Doe v New York Univ.*, 6 Misc 3d 866, 878 [Sup Ct 2004]). Plaintiff has not moved for sealing the records. The public interest in seeing this case determined on the merits outweighs the public interest in knowing plaintiff's identity. Anonymity at this stage in the proceeding ensures that Plaintiff will proceed with the action and effectuate that goal.

Accordingly, it is, for the reasons stated above, hereby

ORDERED that Plaintiff's motion to file a complaint and proceed herein under a pseudonym, rather than in Plaintiff's legal name, and to proceed throughout this action under such pseudonym, rather than in Plaintiff's own name, is granted;

**152523/2025  DOE, JANE vs. HEATH, CHRISTOPHER J.**
**Motion No.  001**

[* 3]

ORDERED that the caption shall be maintained as follows:

-------------------------------------------------------------------X

JANE DOE

       Plaintiff,      Index No.: 152523/2025

     -against-

CHRISTOPHER J. HEATH

       Defendant.

-------------------------------------------------------------------X

     ORDERED that the movant shall serve a copy of this Order upon the County Clerk

within 14 days of this Order.

     The foregoing constitutes the decision and order of the Court.


| 5/12/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. LESLIE A. STROTH** | **J.S.C.** |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**152523/2025   DOE, JANE vs. HEATH, CHRISTOPHER J.**
**Motion No.  001**

**Page 4 of 4**

[* 4]