■ ARRED ENTERPRISES CORPORATION, Respondent, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant, et al., Defendant. — Order of Supreme Court, Bronx County (Irma Vidal Santaella, J.), entered June 14, 1984, denying the motion of defendant Indemnity Insurance Company of North America (INA) to dismiss the complaint on grounds of a prior action pending, and denying its motion to vacate a default judgment against it, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating the defendant's default and directing a joint trial with an action pending in New York County entitled "Indemnity Insurance Company of North America v. Arred Enterprises Corporation, et al." (NY County Clerk's No. 2528/84) and otherwise affirmed, without costs.

Prior to December 1982, defendant INA was the surety on a performance bond issued to the S.L.A. Construction Corp. for the completion of two construction contracts. When S.L.A. was declared to be in default, INA, pursuant to the option provided in the performance bond, hired plaintiff (Arred) as construction manager to complete the projects. Arred and INA entered into an agreement on or about January 19, 1983 under which Arred agreed to assume the obligations of S.L.A. that had existed by agreement between S.L.A. and INA prior to the default. On February 23, 1983 the surety bonding agent "attorney-in-fact" for INA advised the Bank of New York (Bank) that in order "to induce" the Bank "to arrange working capital advances to

'Arred' ", INA would hold the Bank harmless to the extent that "contract proceeds are inadequate to reimburse the bank for such advances".

On or about February 1, 1984 INA served Arred with a summons in an action in the Supreme Court, New York County, naming Arred and other defendants, together with an order to show cause and supporting affidavit seeking preaction discovery in order to frame a complaint against Arred for breach of contract, breach of fiduciary relationship, fraud and related causes of action. Arred served a notice of appearance dated March 9, 1984 in the New York County action and opposed the motion for discovery.

On March 21, 1984, while the motion for discovery was pending, Arred instituted this action in Bronx County by the service of a summons and complaint upon one of the agents for INA, the agent who had advised the Bank of New York that INA would hold it harmless. This action, allegedly brought by Arred as a third-party beneficiary on behalf of the Bank of New York, named as a "necessary defendant", seeks judgment in favor of the Bank in the sum of $300,000 for advances made by the Bank to Arred allegedly used by Arred on the projects. INA did not timely answer this complaint. It now alleges that its counsel had discussed both the New York County action and this action with Arred's counsel, and they had agreed that time limitations would not be an issue between the parties and that the actions would be continued. Nonetheless, Arred entered a default judgment in this action in Bronx County on April 25, 1984 for "the benefit of plaintiff and the Necessary Defendant, Bank of New York" in the sum of $300,000, the amount sought in the complaint.

On April 26, 1984, unaware of the entry of the default judgment on the previous day, INA moved to dismiss the complaint in this action on several grounds, including the pendency of its prior New York County action, or, in the alternative, to consolidate both actions. In the interim, on March 21, 1984, an order had been entered in the New York County action denying INA's motion for discovery as to Arred.

Upon learning of the entry of the default judgment, INA moved, by order to show cause on May 16, 1984, to vacate the default judgment in this action,.

In addition, on May 22, 1984 INA cross-moved for an extension of time to serve a complaint in the New York County action, in opposition to Arred's motion to dismiss that action.

By the order appealed from, Special Term denied INA's motion to vacate the default judgment and denied its motion to

dismiss as academic. The grounds for the denial were the absence of a reasonable excuse for the default and a factual recitation of the merits of the defense by a person having knowledge of the facts. It is well settled that to vacate a default judgment the moving party must demonstrate both a reasonable excuse for the default and a meritorious defense to the action. However, in determining such a motion and exercising its discretion, the court is obligated to give balanced consideration to these factors and also the extent of the delay, the prejudice to the nondefaulting party, and the evidence of intent or lack of intent deliberately to default or abandon the action.

INA's excuse for not timely answering was based on its attorney's understanding of the conversations with opposing counsel. Although this may have amounted to law office failure, it appears to be sufficient here. It is plain the default was not willful in the light of the pendency of the New York County action. By reason of that action, no real prejudice has resulted. Moreover, the delay was not overly lengthy and the defaulting party, INA, promptly moved to vacate its default.

Under current doctrine there is room for discretion in excusing the pleading default. Although the only "affidavit of merits" submitted by INA was a photocopy of the affidavit of its "attorney-in-fact", which had been submitted in support of its motion to extend its time to serve a complaint in the New York County action, it sufficiently raised a question of merit. It stated, in pertinent part, that "based upon the opinions of experts in the construction industry * * * the cost of performance of the instant contract has been unjustifiably inflated, and * * * Arred has breached its contract and fiduciary duty to plaintiff".

Albeit the affidavit is not based upon personal knowledge, it does speak to a relevant issue and appears to be founded upon information which experts in the construction industry furnished the affiant. When read together with the complaint in the New York County action, obviously intertwined with this action, it should be deemed sufficient.

The law favors disposition on the merits rather than defaults. The existence of a reasonable excuse for the default, the brief delay in answering, the lack of prejudice to plaintiff and the affidavit of merits all warrant a vacatur of the default judgment to permit INA to have its day in court. INA's motion to dismiss the complaint was made on ground of "another action pending and lack of standing on the part of Arred to sue on the guarantee in favor of the Bank of New York". There is at least a question whether Arred was a third-party beneficiary entitled to sue on the guarantee. There is also an issue as to Arred's right to sue

for the benefit of the Bank. These issues require a trial (*see, Nicholson v 300 Broadway Realty Corp.,* 7 NY2d 240, 247-248).

With respect to whether there is "another action pending", it appears that the two actions do not meet that criterion. Albeit the parties are identical and the factual bases for both actions arise out of the same transactions, the relief demanded in each is antagonistic and inconsistent. The purposes of the two actions are entirely different. Arred could only obtain the relief it seeks by counterclaim in the New York County action or by bringing a separate action. Since there is no compulsory counterclaim in this State, the complaint is not dismissible on the ground of "another action pending". However, since the ultimate results in each action might be inconsistent, the alternative relief requested by INA seems appropriate. There should be a joint trial of both actions, as we have directed. Concur — Asch, J. P., Bloom, Fein and Kassal, JJ.