(November 22, 2005)

■ In the Matter of VANESSA B., a Child Alleged to be Permanently Neglected. MYRA B., Also Known as MYRA R., Appellant; ABBOTT HOUSE et al., Respondent. [808 NYS2d 10]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about April 26, 2004, which denied respondent's motion to vacate the court's prior order, entered December 10, 2003 upon respondent's default, which, upon findings that respondent had permanently neglected the subject child, terminated respondent's parental rights respecting the child and transferred custody and guardianship of the child to petitioner agency for the purpose of adoption, unanimously reversed, on the law and the facts, without costs, respondent's motion to vacate granted and the matter remanded for a new hearing.

Respondent's vacatur motion was denied on the ground that she had failed to demonstrate a reasonable excuse for her belated 10:20 A.M. appearance for a hearing which was called at 9:30 A.M. The court disbelieved respondent's affidavit statements that she was delayed by bringing another child to school that morning and then by a long line outside the courthouse. A credibility finding made on an affidavit is not entitled to deference on appeal, in contrast to a credibility finding concerning live testimony, and respondent sufficiently alleged a potentially meritorious defense to the allegations used to terminate her parental rights. Indeed, respondent explained that, had she testified, she would have controverted critical agency allegations about her willingness to cooperate, especially since she remains the custodian of children older and younger than Vanessa. This matter would be appropriately resolved after a hearing at which respondent can participate since we favor "the resolution of disputes on their merits, especially where a fundamental parental right . . . is concerned" (*Mann v Mann*, 149 AD2d 669, 671 [1989]). Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.