■ In the Matter of MELINDA M., Respondent, v ANTHONY J.H., JR., Appellant. [41 NYS3d 15]—

Order, Family Court, Bronx County (Lauren Norton Lerner, Ref.), entered on or about August 3, 2015, which, upon the purported default of respondent father, dismissed his motion (incorrectly referred to as a petition to modify an order of visitation and custody) to vacate the court's earlier order granting custody of the subject children to petitioner mother upon the father's default, unanimously reversed, on the law and the facts, without costs, the father's motion to vacate granted, the matter remitted to a different jurist for a full hearing on the mother's modification of custody petition filed in May 2015, and the court's temporary award of custody to the mother, with visitation to the father, reinstated pending a full hearing and determination on the mother's petition.

Reversal is required because the father was deprived of his statutory right to assigned counsel (Family Ct Act § 262 [a] [v]; *Matter of Brown v Wood*, 38 AD3d 769, 770 [2d Dept 2007]; *see Matter of Mora v Alatriste*, 99 AD3d 540 [1st Dept 2012]). The record shows that after Family Court dismissed the father's assigned counsel, it conducted several hearings in this custody matter, and granted a final order of custody to the mother, without the father's presence and without reassigning him counsel.

Reversal is also required because Family Court improperly determined that the father had defaulted on his vacatur motion. Although the father was not in court when the motion was called at 11:58 a.m., the motion was scheduled for 9:00 a.m. and his former assigned counsel, who was notified of the hearing, relayed that he believed the father was in the bathroom. In addition, the court allowed counsel to argue the merits of the motion in the father's absence (*compare Matter of Bradley M.M. [Michael M.—Cindy M.]*, 98 AD3d 1257, 1258 [4th Dept 2012] [the father's failure to appear did not constitute a default where the father's attorney advised the court that he was authorized to proceed in the father's absence and objected to entry of a default order], *with Matter of Iyana W. [Shamark W.]*, 124 AD3d 418, 418 [1st Dept 2015] [Family Court properly deemed the father to be in default where his trial counsel did not state that he wished to proceed in his absence or that he was authorized to do so]). Moreover, this Court favors "the resolution of disputes on their merits, especially where a fundamental parental right . . . is concerned" (*Matter of Vanessa B.*, 23 AD3d 273, 274 [1st Dept 2005] [internal quotation marks omitted]). This is particularly true where, as here, the parties' oldest child has a life-threatening medical condition.

Although Family Court did not reach the merits of the father's vacatur motion, we reach it in the interest of justice and judicial economy. The father provided a reasonable excuse for his failure to appear at a June 2015 hearing on the mother's refiled modification petition (*see* CPLR 5015 [a] [1]; *Arred Enters. Corp. v Indemnity Ins. Co. of N. Am.*, 108 AD2d 624, 626 [1st Dept 1985]; *see also Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 428-429 [1st Dept 2010], *lv dismissed* 15 NY3d 766 [2010]). The father contends that he was not served with the mother's refiled petition, and the attorney for the children concedes that there is no affidavit of service in the record. Further, the father moved promptly to vacate his default, there was no showing of his intent to abandon the action, and there was no showing of prejudice to the mother (*see Arred*, 108 AD2d at 626).

The father also set forth a meritorious defense to the mother's petition (*id.*)—namely, that the oldest child had been hospitalized on three occasions while in the mother's care, and had never been hospitalized while she was living with him. Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.