Matter of Dayon G. v Tina T. (2018 NY Slip Op 05402)





Matter of Dayon G. v Tina T.


2018 NY Slip Op 05402


Decided on July 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 19, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5393

[*1]In re Dayon G., Petitioner-Respondent,
v
Tina T., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Ethan Steward, New York, for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Lee Tarr of counsel), attorney for the child.



Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about March 9, 2017, which, to the extent appealed from as limited by the briefs, denied respondent mother's motion to vacate orders of custody and protection entered upon her default, unanimously reversed, on the law, without costs, the motion to vacate granted, and a temporary order of protection for her daughter containing the same terms as the permanent order of protection, and a temporary order of custody of the daughter to petitioner, to issue for a period of 90 days following issuance of this order, and the matter remanded for further proceedings in Family Court.
The parties, Dayon G. (father) and Tina T. (mother), began a relationship sometime in 2001. On October 12, 2001, the mother gave birth to a son, "S.T." S.T.'s biological father is unknown; the parties agree that Dayon G. is not S.T.'s father. The parties separated in 2007 and the mother moved to Georgia with S.T. In 2009 the mother returned to New York with S.T. and the parties resumed their relationship. The mother gave birth to "D.G.," a girl, on September 22, 2011. The father states that he is D.G.'s biological father. The parties' papers refer to an acknowledgment of paternity form that is not in the record. The mother has taken contradictory positions on whether the father is D.G.'s biological father, but now asserts that he is not. As their relationship began to dissolve in 2014 the parties began to bring various Family Court proceedings against each other, and continued to do so in the ensuing years.
Family Court issued two orders on default on October 21, 2016, which 1) issued an order of protection against the mother on behalf of the father and D.G., and 2) awarded custody of D.G. to the father. The mother moved to vacate those two orders. Family Court denied the motion to vacate. We now reverse.
The mother's motion to set aside the custody order should have been granted pursuant to CPLR 5015(a)(1). Although the decision to grant or deny a motion to vacate a default rests in the sound discretion of the court (Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]), "default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously" (Matter of Roshia v Thiel, 110 AD3d 1490, 1491 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013] [internal quotation marks omitted]; see also Matter of Melinda M. v Anthony J.H., 143 AD3d 617, 618 [1st Dept 2016] ["this Court favors the resolution of disputes on their merits"] [internal quotation marks omitted]).
The mother demonstrated a reasonable excuse for her default in the custody case, in that there is, at best, only equivocal evidence in the record that she was ever served with the custody petition (Melinda M, 143 AD3d at 619). The mother repeatedly advised the Family Court Judge, [*2]both in open court and in her motion to vacate her default, that she had not seen any petition in which petitioner sought custody of her daughter. Indeed, the attorney for the child and the mother's assigned counsel advised the court on August 29, 2016 and October 13, 2016, respectively, that they had not seen such a petition. Although the court told the mother that there was a custody petition involving D.G., there is no proof of service in the record.
In her affidavit in support of the motion to vacate, the mother stated that she understood that the October 21 date was for a settlement conference on the father's petition seeking guardianship of her son, which she did not oppose. Moreover, when it set the October 21 date, Family Court marked it "final" against the father, not the mother.
The mother alleged a meritorious defense to the custody petition, in that she alleges that D.G. has always resided primarily with her, asserts that petitioner is not the child's biological father and that she never signed the Acknowledgment of Paternity alleging that he is, denies petitioner's allegations against her, and asserts that it would be in D.G.'s best interest to award custody to her. Since the mother demonstrated a reasonable excuse and meritorious defense, we find that Family Court improvidently exercised its discretion in denying the mother's request to vacate the final custody order. Accordingly, the final order of custody should be vacated.
However, since D.G. has been living with the father since on or about October 2016, and since, as discussed below, the court had a proper basis on which to issue a temporary order of protection in each child's favor, the father should be granted temporary custody of D.G. for a period not to exceed 90 days following the issuance of this order, and the custody petition should be remanded to the Family Court for further proceedings.
We also find that the order granting the family offense petition involving D.G. must be vacated because the fact-finding order on that petition is not supported by the record, and because the mother had not been advised that a hearing would take place that day. The order of fact-finding and disposition on the family offense petition states both that the mother did not appear on October 21, 2016, and that she "voluntarily, intelligently and knowingly admitted in open court" to having committed the family offenses on which the final orders of protection were based. Since it is undisputed that the mother did not appear on October 21, 2016, and there is no evidence in the record that she admitted to any family offenses in open court on any other occasion, the final order of protection concerning D.G must be vacated, since the stated basis for its issuance is not supported by the record. There would have been no reason for the mother to believe that a hearing on the family offense petition for the daughter would be held that day, and she stated that she did not so believe. Accordingly, for this reason also, the final order of protection with respect to D.G. should be vacated.
However, since the Family Court heard sufficient testimony at inquest to support issuance of a temporary order of protection upon the same terms contained in the final order of protection (Family Court Act § 828[1][a]), a temporary order for D.G. should issue and remain in effect for 90 days following issuance of this Court's order, and petitioner's family offense petition regarding D.G. should be remanded to the Family Court for further proceedings.
We do not reach the mother's arguments pertaining to a subsequent temporary order of visitation, which required that her visits with the child be supervised, as that order is not properly before this Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 19, 2018
CLERK