Natixis Funding Corp. v GenOn Mid-Atl., LLC (2020 NY Slip Op 01701)





Natixis Funding Corp. v GenOn Mid-Atl., LLC


2020 NY Slip Op 01701


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11249 650817/18 652396/18 652399/18 652400/18 652395/18

[*1] Natixis Funding Corp., et al., Plaintiffs-Appellants,
v
GenOn Mid-Atlantic, LLC, Defendant, Morgantown OL1 LLC, et al., Defendants-Respondents.
Dickerson OL1 LLC, Plaintiff-Respondent.
v
Natixis, New York Branch, Defendant-Appellant.
Dickerson OL2 LLC, Plaintiff-Respondent.
v
Natixis, New York Branch, Defendant-Appellant.
Dickerson OL3 LLC, Plaintiff-Respondent.
v
Natixis, New York Branch, Defendant-Appellant.
Dickerson OL4 LLC, Plaintiff-Respondent.
v
Natixis, New York Branch, Defendant-Appellant.


Binder & Schwartz LLP, New York (Neil S. Binder of counsel), for appellants.
Moses & Singer LLP, New York (Mark N. Parry of counsel), for Morgantown OL1 LLC, Morgantown OL2 LLC, Morgantown OL3 LLC, Morgantown OL4 LLC, Morgantown OL5 LLC, Morgantown OL6 LLC, Morgantown OL7 LLC, Dickerson OL1 LLC, Dickerson OL2 LLC, Dickerson OL3 LLC and Dickerson OL4 LLC respondents.
Shipman & Goodwin LLP, Hartford, CT (Kathleen LaManna of the bar of the State of [*2]Connecticut admitted pro hac vice of counsel), for U.S. Bank National Association, respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered May 31, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint as against them in the Natixis Action (Index No. 650817/18), unanimously affirmed, with costs.
Four judgments, same court and Justice, entered July 10, 2019, in the Dickerson Actions in favor of plaintiffs and against defendant, unanimously affirmed, with costs. Appeal from orders, same court and Justice, entered May 30, 2019, which granted plaintiffs' motions for summary judgment in lieu of complaint and denied defendant's cross motion to dismiss the Dickerson Actions (Index Nos. 652395-96/18, 652399-400/18), unanimously dismissed, without costs, as subsumed in the appeals from the judgments.
The instant appeals concern disputes related to eleven letters of credit (the Natixis LCs) issued by Natixis, New York Branch (Natixis). Seven letters of credit were issued for the benefit of Morgantown OL1 LLC, Morgantown OL2 LLC, Morgantown OL3 LLC, Morgantown OL4 LLC, Morgantown OL5 LLC, Morgantown OL6 LLC, and Morgantown OL7 LLC (the Morgantown Parties), and four were issued for the benefit of Dickerson OL1 LLC, Dickerson OL2 LLC, Dickerson OL3 LLC, and Dickerson OL4 LLC (the Dickerson Parties and, collectively with the Morgantown Parties, the Owner Lessors). The letters of credit issued for the benefit of the Morgantown Parties were not issued to these entities directly, but to U.S. Bank National Association (US Bank) as lease indenture trustee. Natixis Funding Corp. (NFC) contracted with Natixis to provide the Natixis LCs pursuant to a Payment Agreement between NFC and GenOn Mid-Atlantic, LLC (GenMa).
We find as a matter of law that Natixis was required to honor the Owner Lessors' November and December 2017 draw requests (the Outstanding Draw Requests). It is undisputed that these requests complied with the stated terms, including draw limits, of the Natixis LCs.
There is no basis for rescission or reformation of the Natixis LCs to correct an alleged mistake in drafting, i.e., the failure to include an aggregate $130 million draw cap. Natixis does not allege that the mistake was mutual; the mutual mistake doctrine would not apply in any event, because Natixis could easily have ascertained that there was no draw cap in the LC schedules (see Jerome M. Eisenberg, Inc. v Hall, 147 AD3d 602, 604-05 [1st Dept 2017]). Nor is unilateral mistake a basis for reformation or rescission because Natixis does not allege fraud by the Owner Lessors at the time of contract formation, and the Owner Lessors could not have been unjustly enriched by enforcement of terms that Natixis and Natixis NFC, sophisticated parties represented by counsel, were actively involved in negotiating and drafting (see Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 369-370 [1st Dept 2007]; Gessin Elec. Contrs., Inc. v 95 Wall Assoc., LLC, 74 AD3d 516, 520 [1st Dept 2010]).
Natixis is also not permitted to dishonor the Outstanding Draw Requests on the basis of the fraud exception to the obligation to pay, codified at New York Uniform Commercial Code § 5-109(a) (see generally BasicNet S.P.A. v CFP Servs. Ltd., 127 AD3d 157, 171 [1st Dept 2015]). Natixis alleges that the Owner Lessors' requests to draw funds exceeding the contemplated $130 million cap were fraudulent insofar as they represented attempts to take advantage of a clearly mistaken contract (see Food Serv. Mktg. v National Foods, 225 AD2d 477 [1st Dept 1996]). However, it was not clear on the face of the LCs that a mistake had been made, and any reference to the terms of the underlying agreement between NFC and GenMa is improper in view of the independence principle and strict rules of interpretation in the letter of credit context (see BasicNet, 127 AD3d at 167-169; NY UCC § 5-103[d]; Nissho Iwai Europe v Korea First Bank, 99 NY2d 115, 121-122 [2002]). Natixis's separate claim that the Outstanding Draw Requests falsely certified that the Natixis LCs constituted "Qualifying Credit Support" is belied by the text of the requests.
Because we find that the Natixis LCs are clear and enforceable and govern the instant dispute, NFC's quasi-contractual claims must be dismissed (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). They are at any rate insufficiently pleaded.
The motion court properly denied leave to amend the pleading, as any amendment would be futile in light of the clear terms of the Natixis LCs.
Because we dismiss all claims asserted in the Natixis Action, we need not reach the issue of whether US Bank should separately be dismissed because it is not a proper party.
For the reasons stated above, judgment was also properly granted in the Dickerson Parties' favor in the Dickerson Actions. Dismissal of those actions would not have been proper under CPLR 3211(a)(4) insofar as the purposes of the Dickerson and Natixis Actions differed and the relief sought therein was " antagonistic and inconsistent'" (see White Light Prods. v On the Scene Prods., 231 AD2d 90, 94 [1st Dept 1997], quoting Arred Enters. Corp. v Indemnity Ins. Co., 108 AD2d 624, 627 [1st Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK