Laurent v Laurent (2021 NY Slip Op 06445)





Laurent v Laurent


2021 NY Slip Op 06445


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 309374/16 Appeal No. 14660-14661 Case No. 2020-01242 

[*1]David J. Laurent, Plaintiff-Appellant,
v
Jennifer J. Laurent Also Known as Jennifer J. Butler, Defendant-Respondent.


David J. Laurent, appellant pro se.



Orders, Supreme Court, New York County (Matthew F. Cooper, J.), entered December 13, 2019, which denied plaintiff father's motion to vacate his default, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 22, 2020, to the extent it declined to sign plaintiff's order to show cause to amend an order of protection, unanimously dismissed, without costs, as taken from a nonappealable order (see CPLR 5701[a][2]).
To the extent plaintiff sought to gain parental and custodial access to the parties' child by filing a motion to vacate his default, the court correctly determined that the State of New York no longer had exclusive, continuing jurisdiction over matters pertaining to custody of the child. As the court granted respondent mother's motion to relocate with the child to Florida in October 2018, New York is no longer the child's "home state" (Domestic Relations Law [DRL] § 75-a[7]). There is no support in the record for a finding of an existing "significant connection" with this State that would warrant the court's exercise of jurisdiction under DRL 76-a(1)(a) and 1(b).
Plaintiff's contention that the default orders are void because he did not have an "opportunity to be heard" is unavailing. The record shows that plaintiff participated in the proceedings and was represented by three attorneys, who either moved to withdraw from representation or were discharged by plaintiff. Even if his failure to appear was not intentional, plaintiff was aware of the resulting orders entered upon his default. Yet, without any explanation, he waited two years to move to vacate the default, evincing an intent to abandon the action, and his delay prejudiced respondent, who in the interim had moved with the child to Florida (see generally Arred Enters. Corp. v Indemnity Ins. Co. of N. Am. , 108 AD2d 624, 626 [1st Dept 1985]). We note that plaintiff is not precluded from addressing issues pertaining to custody and visitation before the Florida court.
Plaintiff's arguments with respect to recusal are not properly before us.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021