Matter of Z.R. (E.R.) (2026 NY Slip Op 01472)

Matter of Z.R. (E.R.)

2026 NY Slip Op 01472

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Webber, J.P., Friedman, González, O'Neill Levy, Michael, JJ. 

Docket No. NN-04449/23|Appeal No. 6108|Case No. 2024-06089|

[*1]In the Matter of Z.R., A Child Under Eighteen Years of Age, etc., E.R. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.
Donna C. Chin, New York, attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, New York County (Maria Arias, J.), entered on or about August 7, 2024, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent mother neglected the subject child and placed the child in the custody of the Commissioner of Social Services until the next permanency hearing, unanimously affirmed, without costs.
We reject the attorney for the child's contention that the appeal should be dismissed as having been taken from a paper entered on default. The mother's attorney attended the fact-finding hearing and actively participated by cross-examining the agency's witnesses and presenting a closing argument (see Matter of Melinda M. v Anthony J.H., 143 AD3d 617, 618 [1st Dept 2016]).
The court's finding that respondent neglected the child has a sound and substantial basis (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). Although a positive toxicology report for a controlled substance, standing alone, does not establish that a child has been physically, mentally or emotionally impaired, or is in imminent danger of becoming impaired, the surrounding circumstances here demonstrate that the child was at imminent risk of harm (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]).
In addition to evidence of the child's positive toxicology, the agency established that the mother's addiction led to the child having serious medical complications, which required a month-long stay in the NICU and ongoing treatment following discharge (see Matter of Thamel J. [Deryck T.J.], 162 AD3d 507, 507 [1st Dept 2018]). Moreover, the mother's long-standing history of substance abuse—despite the prior removal of two older children under similar circumstances—including her admissions of drug use during pregnancy and postpartum, demonstrated a lack of insight into the seriousness of her conduct and was inconsistent with her claim that she was actively seeking treatment for her substance abuse (see Matter of Oscar Alejandro C.L. [Nicauris L.], 161 AD3d 705, 706 [1st Dept 2018]). Although the mother asserts that she was enrolled in a drug treatment program, permanency hearing reports dated January 8, 2024, and June 10, 2024, do not reflect that she was engaged in any services, including substance abuse treatment.
Finally, the court properly drew a negative inference from the mother's failure to testify (see Matter of Gelani M. [Paul M.], 222 AD3d 484, 486 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026